# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**M.J.P.**
**Respondent Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0449** (Putnam County 12-DV-16)

**M.E.P.,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner M.J.P.[1], by counsel, Duane C. Rosenlieb, appeals the Circuit Court of Putnam County's order entered on February 28, 2012, denying petitioner's appeal from the Family Court of Putnam County. Respondent M.E.P., by counsel, Joanna I. Tabit, has filed a response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Husband and Respondent Wife were married in 1997. In 2009, Petitioner Husband was hospitalized and diagnosed with intermittent explosive disorder, chronic alcohol co-dependence, organic mood disorder, and hysteria with psychotic features. Petitioner Husband was then medicated for these mental health issues. There are also indications in the record that Petitioner Husband has been diagnosed with bipolar disorder and is medicated for that condition as well.

Respondent Wife filed a petition for a domestic violence protective order on January 11, 2012, claiming that Petitioner Husband is bipolar and "may be off his meds, because he has threatened to do so." He allegedly told her that he would refuse to take his medication if she files for divorce, and she indicated that he is "unstable, dangerous, and threatening, such that I fear for the safety of my children and myself." Respondent Wife further alleged that the threats of abuse and/or abuse had occurred "almost daily since October or November including 01/11/12 @ 7:00 a.m." She stated that Petitioner Husband was violent prior to being medicated for bipolar

---

[1]Consistent with our practice in cases involving sensitive matters, we use the parties' initials as per *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

disorder and that he uses his medication as a threat to control Respondent Wife's actions. Petitioner Husband responded, accusing Respondent Wife of committing fraud upon the court, and claiming that he has never missed a dose of his medications. He also alleges that Respondent Wife took issue with him filing a federal lawsuit, thus leading to her attempt to get him "kicked out" of the marital home. After the temporary domestic violence protective order was entered on January 11, 2012, Petitioner Husband continued to contact Respondent Wife via telephone and email. On January 24, 2012, a hearing was held, wherein Respondent Wife testified regarding her fear of Petitioner Husband when he is not medicated, and she gave examples of his violence during unmedicated incidents. Petitioner Husband's treating physician testified that he had been violent in the past, and that he was currently under treatment for depression. The Family Court of Putnam County entered a protective order to continue until further order of the court, finding that Petitioner Husband created fear of physical harm in Respondent Wife.

On January 30, 2012, Petitioner Husband filed an appeal to the circuit court, arguing that the evidence was not sufficient to grant the protective order, among other claims. Respondent Wife filed a response, and on February 8, 2012, moved to revoke or modify visitation with the minor children based on petitioner's threatening, unstable, and harassing behavior during the first visitation. On February 28, 2012, the circuit court entered an order denying Petitioner Husband's appeal. The circuit court found that Petitioner Husband had put Respondent Wife and their children in reasonable apprehension of physical harm and that he created fear of physical harm by harassment, psychological abuse or threatening acts.

On appeal, Petitioner Husband first argues that the family court judge conducted the domestic violence hearing in a manner that did not give the pro se respondent a full and fair opportunity to present evidence in opposition to the allegation that he committed domestic violence. Second, Petitioner Husband argues that the family court was clearly erroneous in its factual finding made in support of the award of the Domestic Violence Protective Order against the pro se respondent, when it found that, "[Respondent Wife] gave credible evidence that [petitioner], being bipolar, is violent off his meds, confirmed by Dr. Kazi" as she only testified and submitted no other evidence. Finally, Petitioner Husband argues that the family court judge abused his discretion in finding that a "threatening act" had been made toward Respondent Wife, which established a "reasonable apprehension" of physical harm, pursuant to West Virginia Code § 48-27-501.

Respondent Wife responds in favor of affirming the circuit court's order and we agree. This Court has stated that "[i]n reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard[.]" Syl., in part, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). First, it is clear that petitioner was afforded notice and an opportunity to be heard in both the family court and the circuit court, as he appeared personally, testified, and called witnesses. Moreover, we find that the family court order was not erroneous in its findings of fact. Finally, as to petitioner's attempt to distinguish the threat of refusing his medications from domestic violence, this Court has stated:

As evidenced by the use of the disjunctive "or" in Subsection (3) of West Virginia Code § 48–27–202, the Legislature has set forth three separate ways that fear of

2

physical harm can be demonstrated: (1) by proof of harassment, (2) by proof of psychological abuse, or (3) by proof of threatening acts. Contrary to the circuit court's finding that there must be some demonstration of an actual threat to commit physical harm, the reference in the statute to threatening acts does not limit such acts to verbal or other overt threats to impose physical harm by an alleged perpetrator. We, therefore, conclude the act of domestic violence defined in West Virginia Code [§] 48–27–202(3) (2001) as "[c]reating fear of physical harm by harassment, psychological abuse or threatening acts" provides that fear of physical harm may be established with (1) proof of harassment, (2) proof of psychological abuse, or (3) proof of overt or covert threatening acts.

*Thomas v. Morris*, 224 W.Va. 661, 668-69, 687 S.E.2d 760, 767 -68 (2009). We also held in *Thomas* that the Domestic Violence Protection Act must be liberally construed. Petitioner Husband has conceded that when unmedicated he has been violent, and therefore, we find no error in the findings of the family court and circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II